FILED

NOV 2 9 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOEL B. GUERRERO, # 90598-111,

    Plaintiff(s),

vs.

CALIFORNIA DEP'T OF CORRECTIONS AND REHABILITATION,

    Defendant(s).

No. C 11-3132 CRB (PR)

ORDER OF DISMISSAL WITH LEAVE TO AMEND

    Plaintiff, a federal detainee at the federal detention center adjacent to the Federal Correctional Institution (FCI) in Dublin, California, has filed a pro se complaint for damages under 42 U.S.C. § 1983 alleging that he was falsely imprisoned for three months by the California Department of Corrections and Rehabilitation (CDCR).

## DISCUSSION

A.   Standard of Review

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B. Legal Claims

A claim of unlawful arrest is cognizable under § 1983 for violation of the Fourth Amendment's prohibition against unreasonable search and seizure if the allegation is that the arrest was without probable cause or other justification. See Pierson v. Ray, 386 U.S. 547, 555-558 (1967); Larson v. Neimi, 9 F.3d 1397, 1400 (9th Cir. 1993); Forster v. County of Santa Barbara, 896 F.2d 1146, 1147 (9th Cir. 1990). A claim of false imprisonment absent a cognizable claim for wrongful arrest will not ordinarily state an independent claim under § 1983. See Baker v. McCollan, 443 U.S. 137, 142-145 (1979). But if the initial arrest was invalid, a claim of false imprisonment for subsequent detention may be cognizable under § 1983. See Lee v. County of Los Angeles, 250 F.3d 668, 684-85 (9th Cir. 2001) (plaintiff stated claim for due process violation where police allegedly arrested his son without probable cause, detained him without verifying that he was person for whom police had arrest warrant, despite his obvious mental incapacity, and detained him for one day before extradition hearing, which led to his incarceration in another state for two years); see also id. at 683 (noting that after lapse of certain amount of time continued detention after it was or should have been known that detainee was entitled to release amounts to due process violation regardless of validity of arrest).

Plaintiff's conclusory allegation that he was falsely imprisoned for three months by CDCR will be dismissed with leave to amend to allege specific facts in support of a § 1983 claim for false imprisonment, if possible. Plaintiff is also

2

advised that he must seek damages for false imprisonment from an individual defendant who actually and proximately caused the deprivation of his federal rights. CDCR is immune from damages under the Eleventh Amendment. See Brown v. Cal. Dep't of Corrs., 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections and California Board of Prison Terms entitled to 11th Amendment immunity from damages).

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 30 days of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page. Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings. Claims and defendants not included in the amended complaint will not be considered by the court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

SO ORDERED.

DATED: NOV 2 9 2011

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.11\Guerrero, J.11-3132.dwlta.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL B. GUERRERO,<br><br>      Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION et al,<br><br>      Defendant. | Case Number: CV11-03132 CRB<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 29, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Joel B. Guerrero #90598-111
Fed Correctional Institution
5675 8th St. Camp Parks
Dublin, CA 94568

Dated: November 29, 2011

                                            Richard W. Wieking, Clerk

                                            *Tracy Lucero*

                                            By: Tracy Lucero, Deputy Clerk